UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: Enforcement of Subpoena to Produce
Documents in a Civil Action Served Upon
K.M.A. SUNBELT TRADING CO.,
D/B/A INTERNATIONAL DIAMOND
CENTER, and KEITH LECLERC.

Case No.: 8:17-mc-55-30AAS

_____/

## ORDER

Before the Court is Movants' Motion to Transfer and Motion to Compel Third Party Production of Documents from Keith LeClerc and K.M.A. Sunbelt Trading Co. d/b/a International Diamond Center (Doc. 1), and response thereto (Doc. 5).

### I.  BACKGROUND

David Blank and The Diamond Consortium d/b/a The Diamond Doctor (collectively, "Plaintiffs"), filed the underlying action in the United States District Court for the Eastern District of Texas, Sherman Division, against Brian Manookian, Brian Cummings, and Cummings Manookian, PLC (collectively, "Movants"), claiming that Movants were involved in a scheme of extortion. (*See* Case No. 4:16-cv-00094, Doc. 131). In support of that allegation, Plaintiffs alleged that Movants engaged in this same scheme against third parties Keith LeClerc and K.M.A. Sunbelt Trading Co. d/b/a International Diamond Center (collectively, "Non-Movants"). Movants served subpoenas upon Non-Movants seeking documents pertaining to communications with Plaintiffs, as well as communications between Non-Movants and certain third parties. (Doc. 1, Ex. B). Non-Movants provided a limited production of documents, but asserted a common interest privilege as to certain documents. (*Id.*,

Ex. A). Movants contend that the common interest privilege is inapplicable.

Movants brought this motion to compel third party production of documents pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), seeking an order compelling the documents referenced above. In addition, Movants request that the Court transfer this motion to the United States District Court for the Eastern District of Texas, Sherman Division, where the underlying action is pending. Non-Movants filed a response in opposition to the motion (Doc. 5). Accordingly, this matter is ripe for review.

## II. ANAYLSIS

Under Federal Rule of Civil Procedure 45, a subpoena must issue from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). However, challenges to a subpoena, including motions to quash or modify a subpoena, are to be heard by the district court where compliance with the subpoena is required. Fed. R. Civ. P. 45(d)(3). Additionally, if the court where compliance is required did not issue the subpoena, then the court may transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Fed. R. Civ. P. 45(f). Exceptional circumstances include transferring a motion to "avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion," because transfer would promote consistent outcomes and judicial economy. *Edwards v. Maxwell*, No. 16-61262-MC-GOODMAN, 2016 WL 7413505, at *1 (S.D. Fla. Dec. 22, 2016) (finding exceptional circumstances existed to transfer motion).

Here, the court where compliance is required is the United States District Court for the Middle District of Florida, Tampa Division. The issuing court is the United States District Court

2

for the Eastern District of Texas, Sherman Division. The Eastern District of Texas is also the court overseeing the underlying litigation. The underlying complaint in this action is 50 pages, and the record contains 248 filings to date. (*See* Case No. 4:16-cv-00094, Doc. 131). Because the underlying litigation has been extensive, the Eastern District has intimate knowledge of the underlying litigation, parties, facts, and prior rulings.

In addition, the current deadline for filing motions in limine and the Joint Pretrial Statement is June 21, 2017. (Case No. 4:16-cv-00094, Doc. 248). Jury instructions are due by July 7, 2017. (*Id.*). The trial term is scheduled from August 14, 2017 to September 1, 2017. (Case No. 4:16-cv-00094, Doc. 129). Considering these impending deadlines as well as the trial schedule, transfer is warranted to "avoid disrupting the issuing court's management of the underlying litigation." *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013, *see also Pfizer, Inc. v. Mylan Inc.*, No. 8:16-mc-47-T-17JSS, 2016 WL 3021911, at *1 (M.D. Fla. May 26, 2016) (where parties consented to transfer but court also found transfer warranted to "avoid disrupting the issuing court's management of the underlying litigation").

In contrast, although Non-Movants are physically located in Florida, the Eastern District of Texas has conducted telephonic hearings in this matter, which would permit Non-Movants to participate without great burden from Florida. In addition, the documents sought could likely be produced electronically. Indeed, according to Movant, Non-Movants have already produced documents electronically.

In light of the foregoing, the Court concludes that transferring the instant motion (Doc. 1) would promote consistent rulings and avoid undermining the presiding judge's management of the underlying litigation. Considering these exceptional circumstances and the limited burden imposed on Non-Movants, transfer of this action to the Eastern District of Texas is appropriate.

### III. CONCLUSION

Accordingly and upon consideration, it is **ORDERED** that:

Movants' Motion to Transfer and Motion to Compel Third Party Production of Documents from Keith LeClerc and K.M.A. Sunbelt Trading Co. d/b/a International Diamond Center (Doc. 1) be **GRANTED in part**. The Clerk is directed to transfer this motion (Doc. 1) to the United States District Court for the Eastern District of Texas, Sherman Division, and close this case.

**DONE AND ORDERED** in Tampa, Florida on this 13th day of June, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge